Dear Mayor Crafton:
In your recent correspondence to this office, you relate that the Village of Elizabeth ("the Village") is a municipality operating under the provisions of the Lawrason Act, La.R.S. 33:321, etseq. You state that Mr. Van Earl currently holds full-time employment with the Village as "Gas Systems Operator and Manager." Further, you advise that Mr. Earl intends to become a candidate for the position of Mayor in the next election. These circumstances prompt you to inquire if Mr. Earl may legally continue to hold employment with the Village should he be elected Mayor.
The Louisiana Dual Officeholding and Dual Employment Law, La.R.S.42:61, et seq., governs our response to your question. These laws set forth those positions of public office and/or employment which may not be held at the same time. The position of mayor is an "elective office" as defined by La.R.S. 42:62(1)[1], while the position of "Gas Systems Operator and Manager" is a position of municipal employment as defined by La.R.S. 42:62(3)[2]. The prohibition applicable here is La.R.S. 42:63(D) which states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this *Page 2 
state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition, no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold office or employment with any sheriff, assessor, or clerk of court.
[Emphasis added].
La.R.S. 42:63(D) prohibits one from holding employment in the same municipality in which he holds elected office. Thus, if Mr. Earl is elected Mayor, he will be compelled by law to resign from his position of employment with the Village.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: ___________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(1) states:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[2] La.R.S. 42:62(3) states:
 "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office in which a person is an employee of the state government or of a political subdivision thereof.